## SAMUEL EDES & another *vs.* HAMILTON MUTUAL INSURANCE COMPANY.

If the owner of property, which is insured by a policy which contains an express provision that the by-laws of the company are declared to form a part thereof, mortgages the same in violation of one of the by-laws, the policy is defeated; and no right of action thereon remains in favor of one to whom it had previously been assigned with the consent of the company, to secure a prior mortgage, if no new contract was made between such assignee and the company, by which his interest was insured.

CONTRACT on a policy of insurance for $2000, issued by a mutual insurance company, upon the machine shop, counting-room, buildings and certain personal property of Eaton, Moulton & Co., in Newton Lower Falls, and containing the following provision : " This policy is accepted by the insured, subject at all times to the conditions and regulations of the act of incorporation and by-laws of said company, for the time being in force, which conditions and regulations are hereby declared to form a part hereof." The 15th article of the by-laws contained a provision that " when any property insured shall be alienated or incumbered by sale, mortgage, assignment or otherwise, the policy shall thereupon be void, and be surrendered to the directors to be cancelled; but if the grantee or alienee have the policy assigned to him, the directors may, upon his application to them within thirty days next after such alienation, and on his giving proper security, ratify and continue the same in force for his benefit, by their consent signified in writing thereon, signed by the secretary, with all the rights and subject to all the liabilities to which the original party insured was entitled and subjected." The policy was dated August 15, 1854, and was for three years.

It was agreed in this court that on the 23d of May 1855, Eaton, Moulton & Co. having mortgaged the property insured to the plaintiffs, assigned the policy to them as security, with the written consent of the directors indorsed thereon as provided in the by-law. The defendants retained the original premium note, and required and took no security of the plaintiffs for the

payment of any premium or assessments. On the 1st of January 1856, Eaton, Moulton & Co., who had continued in possession of the property, made a second mortgage of the same to the Charles River Mutual Loan Fund Association, to secure the sum of $3550, of which no notice was given to the defendants, and neither they nor the plaintiffs had any knowledge thereof. The property was destroyed by fire on the 17th of January 1857.

Upon these facts, *Hoar,* J. reserved the case for the determination of the whole court.

*O. Stevens,* for the plaintiffs.

*J. W. Perry,* for the defendants.

BIGELOW, C. J. On the facts agreed in this case, it is clear that the plaintiffs are not entitled to recover. The conveyance of the estate in mortgage by the original assured, after the assignment of the policy to the plaintiffs, was in direct contravention of the explicit stipulations contained in the 15th article of the by-laws, which formed a part of the contract, and rendered the policy void.

The attempt to make the plaintiffs parties to the policy, so that it may be deemed an insurance on their interest in the property and not on that of the original assured, is not supported by the documents on which their claim is founded. The defendants made no new contract of insurance with the plaintiffs. No new deposit note was given, and no guaranty of the payment of the premium or of the assessments on the policy was required of the plaintiffs. They never became members of the company, nor did the defendants ever agree to insure their interest in the property. This is the distinction between the case at bar and *Foster* v. *Equitable Ins. Co.* 2 Gray, 216. In the latter case, a new premium or deposit note was given by the plaintiff on the transfer of the policy to him, so that he became liable to assessments, and for a new and distinct consideration the company assented to the assignment of the policy. The decision in that case, although fully warranted by the peculiar facts which were there shown to exist, was nevertheless going as far as the rules of law will permit in order to sustain

a claim for loss under a policy which has been assigned by the original assured. No fact exists in the present case by which to distinguish the transfer of the policy to the plaintiffs from an ordinary assignment of a chose in action. They can claim only in the right of the original assured. The insurance was on the interest of Eaton, Moulton & Co. in the property, and not on that of the plaintiffs as mortgagees. It being admitted that all right of the original assured to recover on the policy has been defeated by their act, in conveying the estate without the assent of the defendants, all right of the plaintiffs under the assignment of the contract to recover for a loss has become forfeited also. *Macomber* v. *Cambridge Ins. Co.* 8 Cush. 133. *Hale* v. *Mechanics' Ins. Co.* 6 Gray, 169. *Judgment for the defendants.*